UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Charles John Hornack**, | ) C/A No. 2:06-0147-HFF-WMC |
| Plaintiff, | ) |
| vs. | ) |
| **Town of Duncan**, | ) **Report and Recommendation** |
| Defendant. | ) |

# Background of this Case

    The plaintiff is a resident of Duncan, South Carolina. The Town of Duncan is located in western Spartanburg County. The plaintiff is also a member of the municipal council (town council) for the Town of Duncan. A dispute has arisen between the plaintiff and employees of the Town of Duncan with respect to requests made by the plaintiff under South Carolina's Freedom of Information Act for town records relating to expenditures, vehicles, police matters, and sewer service. The various exhibits appended to the complaint outline the history of the dispute.

1

The plaintiff has not resolved his dispute with the Town of Duncan with respect to the requested documents. The plaintiff states that he has filed the above-captioned case under the Federal Freedom of Information Act, 5 U.S.C. § 552 *et seq*. In his prayer for relief, the plaintiff seeks: (1) a preliminary and final injunction prohibiting the defendant from withholding the requested records; (2) a preliminary and final injunction directing the defendant to make the requested records available to the plaintiff and permit the inspection and copying of those records; (3) "Fees, costs and expenses;" (4) "Enjoinment regarding the scope of access by a councilmember within a municipality[;]" and (5) such other relief that the court may deem proper.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House

of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] This court is required to construe *pro se* complaints and petitions liberally. *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog

Trucking, supra, 147 F.3d at 352. See also F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The plaintiff is not entitled to relief under the Federal Freedom of Information Act, which is codified at 5 U.S.C. § 552 *et seq.*  The Federal Freedom of Information Act is applicable to agencies or departments of the Government of the United States, and is not applicable to agencies, departments, or political subdivisions of a State.  *See*, *e.g.*, <u>Securities and Exchange Commission v. Thrasher</u>, 1995 U.S.Dist. LEXIS® 1355, *34 & n. 13, 1995 WESTLAW® 46681, *16 & n. 13 (S.D.N.Y., February 7, 1995).  In fact, the statute cited by the plaintiff in the first paragraph of the complaint applies to federal agencies or departments, not political subdivisions of a State.

The State of South Carolina has its own Freedom of Information Act.  *See* § 30-4-10 *et seq.*, South Carolina Code of Laws; <u>South Carolina Tax Commission v. Gaston Copper Recycling Corp.</u>, 316 S.C. 163, 447 S.E.2d 843, 1994 S.C. LEXIS® 171 (1994); and <u>Weston v. Carolina Research and Development Foundation</u>, 303 S.C. 398, 401 S.E.2d 161, 1991 S.C. LEXIS® 47 (1991).  Even so, the United States District Court for the District of South Carolina in the above-captioned should decline to exercise supplemental jurisdiction over the plaintiff's state-law claims because the plaintiff's federal

claims are subject to dismissal. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

State law claims are cognizable in a federal district court under the diversity statute, if there is diversity jurisdiction. This federal district court does not have diversity jurisdiction to consider any state law claims raised by the plaintiff. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1). Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).

The diversity statute[2] provides that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business:

> (c) For the purposes of this section and section 1441 of this title—
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and
>
> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S.C. § 1332(c). The Town of Duncan, as an entity, is obviously a citizen of South Carolina.

---

[2] New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted. Those new provisions are not applicable in the case *sub judice*.

Complete diversity of parties is absent in this case because the plaintiff and the defendant are both citizens of South Carolina. *See* 28 U.S.C. 1332; and Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). Hence, this federal court lacks subject matter jurisdiction over the above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

The plaintiff still has an available judicial remedy. The plaintiff can file suit against the Town of Duncan in a Court of Common Pleas (such as the Court of Common Pleas for Spartanburg County), which would have jurisdiction over a suit brought under South Carolina's Freedom of Information Act. *See* Brown v. County of Berkeley, 366 S.C. 354, 622 S.E.2d 533, 2005 S.C. LEXIS® 338 (2005)(noting FOIA request directed to county clerk of court from county council in executive session); and Evening Post Publishing Co. v. City of North Charleston, 363 S.C. 452, 611 S.E.2d 496, 33 Media L. Rep. 1532, 2005 S.C. LEXIS® 104 (2005). For the plaintiff's future reference, the mailing address of the Clerk of Court for Spartanburg (*i.e.*, the Clerk of the Court of Common Pleas for Spartanburg County) is:

## Marcus W. Kitchens, Clerk of Court for Spartanburg County
## Post Office Box 3483
## Spartanburg, South Carolina 29304-3483

(2005-2006 South Carolina Lawyers Desk Book [published by the South Carolina Bar]).[3]

The plaintiff is not entitled to attorney's fees in the above-captioned case. A *pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil action. Kay v. Ehrler, 499 U.S. 432, 435, 1991 U.S. LEXIS® 2219 (1991).

Based on the foregoing, this case would ordinarily be subject to summary dismissal under 28 U.S.C. § 1915. The provisions of the 28 U.S.C. § 1915 do not apply in cases where the filing fee has been paid, as the statute refers to cases proceeding *in forma pauperis*. *See* Farese v. Scherer, 342 F.3d 1223, 1227-1229, 2003 U.S. App. LEXIS® 17017 (11th Cir. 2003); and Key v. DOT, Civil Action No. 2:01-CV-3076-18 [Order of the Honorable David C. Norton, United States District Judge, filed on December 7, 2001]. Notwithstanding the plaintiff's payment of the full two hundred fifty dollar ($250) filing fee, a federal court is required, *sua sponte*, to determine if a valid

---

[3] The Office of the Clerk of Court for Spartanburg County is located at 180 Magnolia Street, Spartanburg, South Carolina 29306.

basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). **Payment of the full filing fee does not cure lack of jurisdiction.** In other words, the plaintiff has filed the above-captioned case in the wrong court.

# *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]. *See also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald

v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").  The plaintiff's attention is directed to the Notice on the next page.


January 17, 2006                               s/William M. Catoe
Greenville, South Carolina            United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The **Serious Consequences** of a Failure to Do So

The plaintiff is, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**